James A. Goodman (SBN 89715)
Rhea G. Mariano    (SBN 204469)
EPSTEIN BECKER & GREEN, P.C.
1925 Century Park East, Suite 500
Los Angeles, CA 90067
Telephone: 310.556.8861
Facsimile:  310.553.2165
jgoodman@ebglaw.com
rmariano@ebglaw.com

Attorneys for Defendant
ADP, LLC (erroneously sued as
ADP PAYROLL SERVICES, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DON BOWER,<br><br>                    Plaintiff,<br><br>        vs.<br><br>ADP PAYROLL SERVICES, INC.;<br>and DOES 1 through 100, inclusive,<br><br>                    Defendants. | Case No.:  2:15-cv-05280-ODW-JPR<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND CONSENT TO PROTECTIVE ORDER; ORDER**<br><br>**NOTE CHANGES MADE BY THE COURT** |

### STIPULATED CONFIDENTIALITY AGREEMENT
### AND PROTECTIVE ORDER

The parties in this matter hereby stipulate and request that the Court enter the following Order regarding the protection of confidential information:

1. The procedures for protecting information set forth in this Order shall govern all information produced by any party that is designated as "Protected Information," Confidential Information," or "Confidential" in the manner set forth below, including without limitation:  (i) answers to written discovery; (ii) documents produced in response to requests for production; (iii) documents and information produced voluntarily in response to informal requests; (iv) interrogatory responses; and (v) deposition testimony.

1    2.    This Order is intended to protect the confidentiality of all documents and information that is:

(i)    confidential, sensitive, proprietary, competitive and/or potentially invasive of an individual's privacy interests;

(ii)    not generally known in the context or form as known by the Designating Party Group or Party;

(iii)    not normally revealed to the public or third parties or, if disclosed to third parties, is such that the designating party would require such third parties to maintain the information in confidence;

(iv)    any private information relating to third parties to this litigation whether documentary or oral, so designated by any designating party which it in good faith believes would implicate privacy rights protected by the California Constitution or common law; and

(v)    any non-public information, whether documentary or oral, so designated by any designating party which it in good faith believes would create a substantial risk of serious financial or other injury if disclosed to another party, non-party, and that such risk cannot be avoided by less intrusive means, or any information subject to any party's right to challenge such designation through court intervention, as specified herein.

3.    The Court, the parties, counsel of record, any court reporters and mediators employed in this case, and their respective officers, employees, clerks, associates, and staffs, serving in this action (collectively the "Authorized Persons") shall be the only persons afforded access to information protected by this Order and marked as "CONFIDENTIAL" (hereinafter the "Protected Information").  Witnesses to be called by the parties, real parties-in-interest, deponents, and experts and consultants employed by counsel or the parties in connection with this case, and the staffs of such experts or consultants also shall be considered "Authorized Persons," provided that they have executed an

acknowledgment in the form attached as Exhibit A to this Stipulation and Order. No Authorized Person shall: (i) use the Protected Information for any purpose other than the prosecution or defense of this litigation; or (ii) provide, copy, or otherwise disclose any item of Protected Information to any person other than the aforementioned Authorized Persons except as provided for in paragraph 15.

4. Any party who believes that a particular document or item of information is properly protectable under this Order shall designate it as such by one or more of the following methods:

(i) provide written notice to all parties describing the information with particularity;

(ii) with respect to documents, mark each page of each such document containing confidential material with the phrase "CONFIDENTIAL";

(iii) with respect to interrogatory responses, mark each confidential response with the phrase "CONFIDENTIAL"; and

(iv) with respect to deposition transcripts, mark each page of each such transcript containing confidential information with the phrase "CONFIDENTIAL."

5. Any party who believes that a particular document or item of information is properly protectable under this Order shall implement the procedures set forth in paragraph 4 as set forth below:

(i) in the case of a party transmitting the information to other parties or to the Court, before the information is actually transmitted; and

(ii) in the case of a party receiving information, not more than five business days following the receipt thereof, or, in the case of documents produced prior to the entry of this Order, within five business days of its entry by the Court.

Notwithstanding the foregoing, any party who fails to comply with this paragraph shall nevertheless be entitled to provide notice designating such document or information as Protected Information: (a) by stipulation of all

parties, which stipulation shall not be unreasonably withheld; or (b) upon motion under Local Rule 37 to the Court based upon good cause.

6. Each party shall be responsible for clearly marking all Protected Information in its possession, custody and control and for taking all other steps reasonably necessary to ensure that persons other than Authorized Persons do not, directly or indirectly, gain access to Protected Information.

7. Any party who believes that a particular item of Protected Information previously designated pursuant to paragraph 4, above, is not properly protectable within the meaning of this Order shall be free to object at any time. Similarly, any party wishing to have an additional person other than those described in paragraph 3, above, listed as an Authorized Person within the meaning of this Order may request in writing that the other party stipulate that such person be added to the list of Authorized Persons.  If no written objection is received within ten days, such person shall become an Authorized Person upon execution of the acknowledgment attached to this Stipulation and Order as Exhibit A.  The parties shall attempt to resolve informally any objections to the designation of Protected Information or to the addition of persons to the Authorized Persons list.  If agreement is not possible, either Party shall be entitled to bring the dispute before the Court in compliance with Central District of California Civil Local Rule 37 and 79-5 and applicable Standing Orders.  After considering the parties' respective arguments, the Court shall determine whether or not the information at issue shall continue to be accorded Protected Information status or whether the person at issue shall be added to the Authorized Person list. The party designating the information as Protected Information shall have the burden of proving that the information has been properly designated.

8. Nothing in this Order shall be deemed a waiver of any party's right to seek from the Court reduced, different, or additional protection with respect to any document or information previously designated as Protected Information under

this Order or to challenge a party's use or possession of any such document or information.

9. No party shall be required to object to the designation of any particular item of information as Protected Information, and failure to make timely objections shall not constitute a waiver or otherwise bar a party from objecting at a later date.

10. In the event that a party intends to file documents with the Court that contain information that another party or non-party has designated "Confidential," that party shall provide the designating party at least five days' notice of the intended filing (at least two days' notice if it is to be filed in support of an ex parte application) so as to provide the designating party the opportunity to apply to the Court to have the document sealed pursuant to the provisions of Central District Local Rule 79-5.

11. Within 60 days of the final disposition of this action including appeal, each party shall destroy or return all material designated as Protected Information, including all copies therefore. However, the parties may retain one archival copy of such records, and the "Confidential" designation, protections, and this Order shall survive and remain operative following the termination of this action. The owner of the Protected Information may specify whether the documents and information must be destroyed or returned. Written confirmation of compliance with this requirement shall be provided upon request. This provision shall not bar Defendant, from retaining any Protected Information which comprises records that it is required as a corporation to retain under state or federal law.

12. This Order may not be modified or terminated, in whole or in part, except by order of the Court: (i) for good cause shown, or (ii) upon written stipulation of the parties. This Order shall survive and remain operative following the termination of this action.

1       13.     The parties submit this document for the Court's consideration and
2  approval as an Order.  They do not intend that it be construed to create a contract
3  between the parties and their respective counsel.
4       14.     By entering into this Confidentiality Stipulation and Protective
5  Order, neither party waives any right to withhold from discovery any information
6  designated in accordance with paragraph 4 on the grounds that the information is
7  protectable by or barred from disclosure by privilege, immunity or other
8  recognized legal exception to disclosure.  This Order is intended to protect the
9  confidentiality of all documents and information that are not in the public domain
10 and in which either party has a personal, proprietary, business, financial or other
11 legally recognizable justification for protecting from disclosure.
12      15.     If a requesting party group is served with a subpoena or a court order
13 that would compel disclosure of any information, documents or things designated
14 by a producing party group in this action as "CONFIDENTIAL," then no more
15 than (ten) 10 days after receiving the subpoena or order, unless otherwise
16 provided by law, the requesting party group must: (1) notify the designating party
17 in writing (by fax and email) of the subpoena or order, and include a copy of the
18 subpoena or order with the notification; (2) inform the party that caused the
19 subpoena or order to issue, in writing, that some or all of the materials covered by
20 the subpoena or order are subject to this Stipulated Protective Order; and (3)
21 deliver a copy of this Stipulated Protective Order to the party that caused the
22 subpoena or order to issue.  The purpose of these duties is to alert the interested
23 parties to the existence of this Stipulated Protective Order and to afford the
24 designating party an opportunity to seek protection for its "Confidential
25 Information" in the court from which the subpoena or order issued.  The
26 designating party shall bear the burden and expense of seeking protection in that
27 court.  Nothing in this provision should be construed as authorizing or
28 encouraging a requesting party group to disobey a lawful directive from another

1 court.

2     16.    The obligations imposed by this Stipulated Protective Order shall
3 survive the termination of the Litigation.

4     17.    In the event that the Court modifies this Stipulated Protective Order,
5 or in the event that the Court enters a different Protective Order, the Parties agree
6 to be bound by this Stipulated Protective Order until such time as the Court may
7 enter such a different Order. It is the Parties' intent to be bound by the terms of
8 this Stipulated Protective Order pending its entry so as to allow for immediate
9 production of Confidential Materials under the terms herein.  Additionally, in the
10 event that the Court does not enter any Protective Order, it is the Parties' intent to
11 be bound by the terms herein to the extent permissible.

12     18.    A facsimile signature on this Stipulation shall have the same force
13 and effect of an original.  This stipulation may be executed in any number of
14 copies by different parties hereto on separate counterparts, each of which shall be
15 deemed to be an original, and all of which together shall constitute the one and the
16 same instrument.

18 DATED:  June 10, 2016             MANCINI & ASSOCIATES

By:  /s/ Armando M. Solorzano
     Marcus A. Mancini
     Christopher Barnes
     Tara J. Licata
     Armando M. Solorzano
     Attorneys for Plaintiff
     DON BOWER

| | | | |
|---|---|---|---|
| 1 | DATED: June 10, 2016 | | EPSTEIN BECKER & GREEN, P.C. |
| 2 | | By: | /s/ Rhea G. Mariano |
| 3 | | | James A. Goodman |
| 4 | | | Rhea G. Mariano<br>Attorneys for Defendant |
| 5 | | | ADP, LLC (erroneously sued as<br>ADP PAYROLL SERVICES, INC. |

## ORDER

Having reviewed the foregoing Stipulated Confidentiality Agreement and Consent to Protective Order, and for good cause shown, the Court hereby makes the Stipulated Confidentiality Agreement and Consent to Protective Order an Order of the Court.

**IT IS SO ORDERED:**

DATED:  June 21, 2016

JEAN ROSENBLUTH
_____
Honorable Jean P. Rosenbluth
UNITED STATES DISTRICT COURT
MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23 **EXHIBIT A**
24
25
26
27
28

1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON BOWER,<br><br>    Plaintiff,<br><br>vs.<br><br>ADP PAYROLL SERVICES, INC.; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No.: 2:15-cv-05280-ODW-JPR<br><br>**STIPULATED PROTECTIVE ORDER** |

## ACKNOWLEDGMENT OF AND AGREEMENT TO BE BOUND BY CONSENT TO PROTECTIVE ORDER

1. I hereby acknowledge that I have received a copy of the Stipulated Confidentiality Agreement and Consent to Protective Order (the "Protective Order") that governs discovery in the above-captioned action. I further affirm that I reviewed the terms of the Protective Order before receiving access to documents or information designated CONFIDENTIAL pursuant to that Protective Order.

2. I acknowledge that I am bound by the terms of the Protective Order and hereby agree to adhere to the terms of the Protective Order. I specifically agree that I will not disclose or make unauthorized use of any CONFIDENTIAL information or documents.

3. I agree to submit to the jurisdiction of this Court for the purpose of enforcing the terms and conditions of the Protective Order.

**AGREED AND CONSENTED TO BY:**

_____
Signature

_____
Print Name

_____
Date